**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EARLAND J. COLLINS,

       Plaintiff,

v.                                         Case Number: 09-CV-11785
                                            Honorable Nancy G. Edmunds

WARREN POLICE DEPARTMENT,

       Defendants.
_____/

## OPINION AND ORDER DISMISSING 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

I.

Plaintiff Earland J. Collins, a state prisoner currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff filed this complaint as a result of his confinement in the Wayne County Jail in Detroit, Michigan; Plaintiff alleges that he was wrongfully convicted and incarcerated. He names Detective Timothy Maniere and Detective Eidt, the "Police Officers Involved," and P.O. Krist, Isaacson, Robert Schaffner, Michael Laruso, Darcy Leutzinger, Chester Holub, John Newman III, the "Crime Scene Officers," as Defendants. In his *pro se* pleadings, Plaintiff alleges that the convictions for which he is currently incarcerated are based upon police misconduct, perjury and obstruction of justice. However, Plaintiff has failed to specifically identify what each Defendant did or did not do, and has failed to provide the Court with the necessary addresses of Defendants. Plaintiff is seeking, among other things, monetary damages.

The Court must read Plaintiff's *pro se* pleadings under "less stringent standards than formal pleadings drafted by lawyers," *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying those standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court also concludes that an appeal cannot be taken in good faith.

II.

A.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), a court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under

§ 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint is subject to dismissal because he challenges his wrongful conviction and incarceration–which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff alleges that he was imprisoned for a crime that he did not commit. According to Plaintiff, false warrants and false police reports, which caused his imprisonment, were fabricated by Defendants. A judgment in favor of Plaintiff would imply the invalidity of his conviction.

3

Plaintiff's conviction has not been overturned or declared invalid. Thus, Plaintiff has failed to state any claims upon which relief may be granted under 42 U.S.C. § 1983; his claims are barred by *Heck* and must be dismissed.

### III.

Having conducted the review required by the PLRA, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). A judgment consistent with this opinion will be entered.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: June 4, 2009

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2009, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager